# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BOBBY MAURICE NICHOLSON, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:17CV00273 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **EDWARD BOAKYE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Bobby Maurice Nicholson, Jr., Pro Se Plaintiff.*

The plaintiff, Bobby Maurice Nicholson, Jr., a Virginia inmate proceeding pro se, has filed a civil action under 42 U.S.C. § 1983 alleging that a prison doctor provided him inadequate medical care. After review of the Complaint, I conclude that the lawsuit must be summarily dismissed without prejudice.

I.

In his Complaint and a separately submitted document with attachments that I construe as a Motion to Amend, Nicholson alleges that while at Red Onion State Prison ("Red Onion"), he complained of bleeding from his rectum, mouth, nose and ears, chest pain, headaches, and other body pain. Nicholson also reported his fear that he had developed kidney cancer. Dr. Boakye ordered lab tests and multiple blood tests, and Nicholson was told the test results were normal. Dr. Boakye also ordered chest X rays that reflected no evidence of fracture,

dislocation, emphysema, or acute cardiopulmonary findings. The doctor ordered various medications and ear drops for Nicholson's symptoms.

In the summer of 2017, Nicholson was transferred to Marion Correctional Treatment Center ("Marion"), another facility operated by the Virginia Department of Corrections ("VDOC"). He alleges that his symptoms have continued, and doctors at Marion have ordered new tests.

Nicholson sues Dr. Boakye for not sending him to an outside hospital to determine the cause of his symptoms and rule out cancer.[1] Nicholson also alleges that Dr. Boakye "[n]egligently alter[ed Nicholson's] records to make it look as if nothing is wrong [and] allow [his] health to only get worster [sic] over time to the point w[h]ere it hurt every day all day." Pl.'s Mot. Amend 1, ECF No. 12. Nicholson states that the alleged denial of medical care was intended to "cover up the R.F.I.D. micro chips tags inside" him. Compl. 2, ECF No. 1. According to

---

[1] A letter filed from Nicholson states:

> Nicholson
> v.
> T.S.I. Prism software technology company
> The United States
> V.A.D.O.C.

ECF No. 13. This submission does not expressly seek to amend this case to name these entities as additional defendants. I note that Nicholson filed a separate civil action against two of the defendants that he has now voluntarily dismissed. *See Nicholson v. V.A. DOC*, No. 7:17CV00309 (W.D. Va. Aug. 1, 2017). Accordingly, while I will grant the Motion to Amend to the extent that it supplements facts and arguments related to Nicholson's claims against Dr. Boakye, I will not construe that motion as seeking to add defendants.

Nicholson, the director of the VDOC ordered staff to place these "digestible" devices inside Nicholson without his consent.[2] As relief, Nicholson seeks monetary damages and injunctive relief ordering that he "be seen by a[n] outside hos[pit]al for a full examination." *Id.*

II.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915A(b)(1). A claim may be summarily dismissed as "frivolous" when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). A complaint that does not allege "enough facts to state a claim to relief that is plausible on its face" may be summarily dismissed for failure to state a claim. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As an initial matter, Nicholson cannot seek injunctive relief in this case against Dr. Boakye. A prisoner's transfer or release from a particular prison generally moots his claims for injunctive and declaratory relief with respect to his

---

[2] Nicholson submits a photocopy of a DVD he obtained from Intelligent Solutions Advisory titled "RFID Revealed: The Secret Microchip Plan to Tag Everyone." ECF No. 13.

conditions of confinement there. *See Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007); *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding that transfer rendered moot a prisoner's claims for injunctive and declaratory relief, but not claims for damages). Because Nicholson is no longer under Dr. Boakye's care since he has been transferred to Marion, I must dismiss his claims for injunctive relief against this defendant as moot. Nicholson's claims against the doctor for monetary damages, while not moot, must be dismissed for another reason.

"[D]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To prove deliberate indifference, the inmate must show that the defendant had "actual . . . knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's [own] action or inaction" and responded unreasonably to that risk. *Jackson*, 775 F.3d at 178 (citing *Farmer v. Brennan*, 511 U.S. 825, 837-39 (1994)). This component requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or disagreements about the prisoner's treatment plan. *Id.*

While I sympathize with Nicholson's pain and symptoms and his frustration over not knowing their cause, I cannot find that he has stated any actionable claim

against Dr. Boakye. Nicholson's submissions do not show that the doctor or anyone else at Red Onion ignored his medical complaints or prevented or delayed his access to medical evaluation and treatment at the facility. Dr. Boakye ordered multiple diagnostic measures in an attempt to diagnose Nicholson's condition and prescribed multiple medications to address his symptoms. Nicholson disagrees with the doctor's decision not to refer him to an outside hospital for evaluation. Such disagreements between doctor and patient do not support a finding of deliberate indifference, however. At the most, Nicholson alleges that Dr. Boakye negligently diagnosed, treated, and recorded his symptoms. Mere negligence is not actionable under § 1983. *Id.*

The fanciful claim that the doctor's actions were an attempt to cover up a VDOC plot to put identification microchips inside Nicholson's body I must summarily dismiss as frivolous. My statutory authority under § 1915A(b)(1) includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or which describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327-28. Nicholson's microchip claim falls squarely in this class, and accordingly, I will summarily dismiss it under § 1915A(b)(1) as frivolous.

In conclusion, I must summarily dismiss this § 1983 action under § 1915A(b)(1). Nicholson's claim for injunctive relief against Dr. Boakye is moot,

his complaints about his medical care do not state a claim of constitutional proportions, and his microchip allegations are without factual basis, and are, therefore, frivolous.

    A separate Final Order will be entered herewith.

                          DATED: August 4, 2017

                          /s/ James P. Jones
                          United States District Judge